FILED

2026 Mar-24  AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**TAVARIUS EUGENE WADE,**
    Petitioner,

**v.**

**CHRISTOPHER GORDY**, et al.,
    Respondents.

**Case No. 7:24-cv-1421-CLM-SGC**

## MEMORANDUM OPINION

Tavarius Eugene Wade, an Alabama state prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). As explained below, the court **DENIES** the petition on the merits.

## BACKGROUND

On June 26, 2008, a grand jury indicted Wade for two counts of first-degree robbery and one count of theft of a motor vehicle stemming from a robbery at Hudson Poole Fine Jewelers in Tuscaloosa. (Doc. 10-8, pp. 3–4). The indictment read:

> COUNT 1
>
> The Grand Jury of TUSCALOOSA County charge that before the finding of this indictment, TAVARIUS EUGENE WADE, ALIAS TAVARIUS E. WADE, TAVARIUS WADE, whose name is otherwise unknown to the Grand Jury, did, while being aided by another person who was actually present, in the course of committing a theft of property, to-wit: SEVENTY-FOUR (74) ROLEX WATCHES, the property of, to-wit: HUDSON POOLE FINE JEWELERS, INC., A CORPORATION, the owner being otherwise unknown to the Grand Jury, use or threaten the imminent use of force against the person of JOHN POOLE, or another person present, with intent to overcome his physical

resistance or physical power of resistance, or to compel acquiescence to the taking or escaping with property, while the said TAVARIUS EUGENE WADE, or the said other person present, was armed with a deadly weapon or dangerous instrument, to-wit: A GUN, in violation of section 13A-8-41 of the Code of Alabama.

## COUNT 2

The GRAND JURY of TUSCALOOSA County charge that before the finding of this indictment, TAVARIUS EUGENE WADE, ALIAS TAVARIUS E. WADE, TAVARIUS WADE, whose name is otherwise unknown to the Grand Jury, did, while being aided by another person who was actually present, in the course of committing a theft of property, to-wit: A MERONA PURSE, A BOSCA WALLET, AN AMERICAN EXPRESS CREDIT CARD, A MASTERCARD CREDIT CARD, A BELK CREDIT CARD, A J JILL CREDIT CARD AND\OR AN UNKNOWN SUM OF MONEY, LAWFUL CASH, COIN OR CURRENCY OF THE UNITED STATES OF AMERICA, the property of, to-wit: NANCY JONES, the owner being otherwise unknown to the Grand Jury, use or threaten the imminent use of force against the person of NANCY JONES, or another person present, with intent to overcome her physical resistance or physical power of resistance, or to compel acquiescence to the taking or escaping with property, while the said TAVARIUS EUGENE WADE, or the said other person present, was armed with a deadly weapon or dangerous instrument, to-wit: A GUN, in violation of section 13A-8-41 of the Code of Alabama.

## COUNT 3

The Grand Jury of TUSCALOOSA County charge that before the finding of this indictment, TAVARIUS EUGENE WADE, ALIAS TAVARIUS E. WADE, TAVARIUS WADE, whose name is otherwise unknown to the Grand Jury, did, knowingly obtain or exert unauthorized control over a motor vehicle, to-wit: A 2000 DODGE CARAVAN, a better description of which is otherwise unknown to the Grand Jury, the property of, to-wit: ROSS GRAY,

> with the intent to deprive the owner of said motor vehicle, in violation of section 13A-8-3 of the Code of Alabama.

(*See id.*).

In September 2012, Wade was transported from Florida state prison—where he was incarcerated on an unrelated conviction—to Tuscaloosa County under the Interstate Agreement on Detainer Act ("IAD") to face the charges in the 2008 indictment. (Doc. 10-14, p. 8; Doc. 10-25; Doc. 10-26). Later that month, Wade was transported back to Florida, but the charges in his Tuscaloosa County indictment remained unresolved. (Doc. 10-14, p. 9).

In March 2013, Wade was indicted on two more counts of first-degree robbery arising from the same incident at Hudson Poole Fine Jewelers:

> COUNT 1
>
> The Grand Jury of TUSCALOOSA County charge that before the finding of this indictment, TAVARIUS EUGENE WADE, ALIAS TAVARIUS E. WADE, TAVARIUS WADE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: MONEY, the property of, to-wit: JEFFREY PIERSON AND\OR HUDSON POOLE FINE JEWELERS, INC., A CORPORATION, use force against the person of the owner of the said property or another person present, to-wit: JEFFREY PIERSON, with the intent to overcome his or her physical resistance or physical power of resistance, and\or did threaten the imminent use of force against the person of the said owner or another person present, to-wit: JEFFREY PIERSON, with intent to compel acquiescence to the taking of or escaping with the property, while the said defendant was armed with a deadly weapon or dangerous instrument, to-wit: A GUN, in violation of section 13A-8-41 of the Code of Alabama.
>
>
> COUNT 2
>
> The Grand Jury of TUSCALOOSA County charge that before the finding of this indictment, TAVARIUS EUGENE WADE, ALIAS TAVARIUS E. WADE, TAVARIUS WADE, whose name is

3

> otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: MONEY, the property of, to-wit: RACHEL HARLOW AND\OR HUDSON POOLE FINE JEWELERS, INC., A CORPORATION, use force against the person of the owner of the said property or another person present, to-wit: RACHEL HARLOW, with the intent to overcome his or her physical resistance or physical power of resistance, and\or did threaten the imminent use of force against the person of the said owner or another person present, to-wit: RACHEL HARLOW, with intent to compel acquiescence to the taking of or escaping with the property, while the said defendant was armed with a deadly weapon or dangerous instrument, to-wit: A GUN, in violation of section 13A-8-41 of the Code of Alabama.

(Doc. 10-5, pp. 1–2).

On October 11, 2016, the State moved to dismiss the charges in the first indictment because Wade had not been tried and his charges were not otherwise resolved during his 2012 detainer in Tuscaloosa County. (Doc. 10-2, p. 1; Doc. 10-14, p. 9). The next day, the Tuscaloosa County Circuit Court dismissed the charges in the first indictment. (Doc. 10-3).

In December 2021, Wade was again transported from Florida to Tuscaloosa County under a detainer to face the charges in the second indictment. (Doc. 10-14, p. 9). Wade moved to dismiss the second indictment, arguing that his new case was "the same" as the dismissed indictment. (Doc. 10-6, pp. 1–2). The State objected. (Doc. 10-8, pp. 1–2). In January 2022, the Circuit Court held a hearing on Wade's motion to dismiss. (Doc. 10-14, p. 9). The hearing wasn't transcribed, but the parties later stipulated to these facts about the hearing:

> 10.  At a hearing before the Hon. Brad Almond held January 19, 2022, the State acknowledged that the new indictments arose out of the same transaction, to wit: the Robbery in 63-CC-2012-2281 but claimed that (1) the new indictment[] was proper because [it] involved different victims than the first; and (2) even if the second indictment arose out of the same Robbery, the subsequent indictment was proper because the initial indictment in 63-CC-

> 2012-2281 was dismissed due to a time bar in the Interstate Detainer Act prompting the State to argue that the case was not decided on the merits.
>
> 11.  At the hearing Wade argued that it was, in fact, the same Robbery as the first with the same property, and thus, prosecution was barred under the Double Jeopardy clauses of the Fifth and Fourteenth Amendments. The State argued it was different victims that controlled, rather than the property, therefore there was not a Double Jeopardy issue. Wade further argued that even if the alleged victims were different, the indictment was still due to be dismissed because they arose out of the same transaction, to wit: the February 16, 2008 Robbery, violating the [anti-shuttling] in particular and various other provisions of the Interstate Detainer Act, in general.

(Doc. 10-14, pp. 9–10). After the hearing, the Circuit Court denied the motion to dismiss. (Doc. 10-9).

On April 4, 2022, Wade pleaded guilty to the two robbery charges in the Second Indictment but reserved his right to appeal whether the trial court erred in denying the motion to dismiss. (Doc. 10-10, pp. 1–5; Doc. 10-13, pp. 68, 74–75). The Circuit Court sentenced Wade to a 25-year prison term on each charge to run concurrently. (Doc. 10-13, pp. 58–59).

Wade appealed arguing that the second indictment should have been dismissed because (1) the State violated the terms of the IAD's anti-shuttling provision, and (2) his convictions violated protections against double jeopardy. (Doc. 10-13, pp. 65–66, 68; Doc. 10-17, p. 4). The ACCA affirmed. (Doc. 10-17, pp. 1–11). After the ACCA overruled Wade's application for rehearing, the Alabama Supreme Court denied certiorari on October 13, 2023. (Doc. 10-19; Doc. 10-22; Doc. 10-23).

Wade filed his § 2254 petition on October 10, 2024, stating the same two grounds for relief that he asserted on direct appeal.[1] (Doc. 1, pp. 20–23). In response to the magistrate judge's order, Respondents filed an answer in which they concede Wade's claims are timely and exhausted but contend that the court should dismiss the petition on the merits without holding an evidentiary hearing. After the magistrate judge entered an order under *McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994), Wade replied. (Docs. 11, 15).

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas petitions filed by state prisoners. When a habeas petitioner's claims were adjudicated on the merits in state court, AEDPA significantly limits a federal court's scope of review. To grant habeas relief on an adjudicated claim, this court must not only find that the claim is meritorious, but must also determine that the state court's resolution of that claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254 (d)(1)-(d)(2).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established Supreme Court precedent "if it applies a rule that contradicts the governing law set forth in [the Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a [Supreme Court decision] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state-court decision involves an unreasonable application of [the] Court's clearly

---

[1] A *pro se* inmate's petition is deemed filed the day he delivers the petition to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Wade's petition is dated October 10, 2024, so the court assumes that is the date he gave his petition to prison officials.

established precedents if the state court applies [the] Court's precedents to the facts in an objectively unreasonable manner." *Id.*

Under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). So "even if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Id.* (cleaned up). But "when a state court's adjudication of a habeas claim results in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings, this Court is not bound to defer to unreasonably-found facts or to the legal conclusions that flow from them." *Adkins v. Warden, Holman CF*, 710 F.3d 1241, 1249 (11th Cir. 2013).

Plus, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). And it is the petitioner's burden to rebut "the presumption of correctness by clear and convincing evidence." *Id.*

## DISCUSSION

With this deferential standard of review in mind, the court turns to the two claims that Wade raises in his habeas petition.

### A.    The IAD's Anti-Shuttling Provision

Wade first contends that the failure to dismiss the second indictment violated the IAD's anti-shuttling provision. The IAD is an agreement between 48 states, the federal government, and the District of Columbia that creates uniform procedures for lodging and executing a detainer. *See Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). "[T]he Agreement basically (1) gives a prisoner the right to demand a trial within 180 days; and (2) gives a State the right to obtain a prisoner for the purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his 'original place of imprisonment' prior to that trial." *Id.* at 151. If the receiving State returns the prisoner before a "trial is . . . had," the receiving State's "indictment, information, or complaint shall not be of any

further force or effect, and the court shall enter an order dismissing the same with prejudice." *See id.* at 148–49 (emphasis omitted).

In addressing Wade's claim, the ACCA explained that the remedy for violation of the IAD's anti-shuttling provision is a 'with prejudice' dismissal of the relevant indictment. (*See* Doc. 10-17, p. 6). The ACCA then noted that a trial court's dismissal of an indictment with prejudice disposes of the case and that the defendant may not be reindicted based on the same set of operative facts underlying the dismissed indictment. (*Id.*) (quoting *State v. Hendrix*, 174 So. 3d 978, 981 (Ala. Crim. App. 2015)). But the ACCA found that although the robbery offenses in both Wade's indictments shared "temporal and geographic proximity," they did "not allege the same victims or the same property." (Doc. 10-17, p. 6). The appellate court noted the first indictment alleged Wade stole 74 Rolex watches from John Poole, a purse and its contents from Nancy Jones, and a 2000 Dodge Caravan from Ross Gray; meanwhile, the second indictment alleged Wade stole money from Rachel Harlow and Jeffrey Pierson. (*Id.*, pp. 6–7). The ACCA explained that robbery is an offense against the person under Alabama law and that a single criminal act injuring multiple people could support multiple prosecutions and convictions. (Doc. 10-17, p. 7) (citing *Ex parte Windsor*, 683 So. 2d 1042, 1046 (Ala. 1996)).

The ACCA concluded:

> The allegations contained in the two [] indictments involved distinct victims and property. For all that is in the limited record before this Court, the robberies of John Poole and Nancy Jones and the theft of Ross Gray's vehicle, as charged in the first [] indictment[], did not involve the "same set of operative facts" as the robberies of Rachel Harlow and Jeffrey Pierson, as charged in the second [] indictment[]. As a result, a dismissal with prejudice of the first [] indictment[] as required by the [IAD] did not prohibit the State from prosecuting Wade for the robberies of Rachel Harlow and Jeffrey Pierson as alleged in the second [] indictment[]. Accordingly, this issue does not entitle Wade to any relief.

(Doc. 10-17, pp. 7–8).

Wade has not established that the ACCA's decision was an unreasonable determination of the facts in light of the evidence presented during his direct appeal. The court recognizes that when reading the factual basis of Wade's guilty plea to the second indictment, the assistant district attorney described the property Wade intended to steal as Rolex watches. (*See* Doc. 10-13, p. 76). But as the ACCA pointed out, the second indictment alleged that Wade was attempting to steal money from Harlow and Pierson. (Doc. 10-5, pp. 1–2). So it was not clearly erroneous for the ACCA to find that the allegations in the first and second indictments involved distinct property. *See* 28 U.S.C. § 2254(e)(1).

And even if the robberies involved the same property, it was not an unreasonable determination of the facts for the ACCA to find that the two indictments did not involve the same set of operative facts. As the ACCA explained, "it is the use of force, or the threat of use of force, against the person that constitutes the crime" of robbery in Alabama. *See Craig v. State*, 893 So. 1250, 1256 (Ala. Crim. App. 2004). So "the unit of prosecution is the act of violence against the person." *Id.* Because the second indictment alleged Wade used force/threatened to use force against different victims than those described in the first indictment, the ACCA's finding that the two indictments alleged different crimes was not unreasonable.

Wade has also failed to show that the ACCA's decision was contrary to or an unreasonable application of clearly established federal law. The Supreme Court has clearly established that under the IAD, a prisoner's return to the sending jurisdiction before disposition of the receiving jurisdiction's charges mandates dismissal of the receiving jurisdiction's charges. *See Bozeman*, 533 U.S. at 153. That occurred here when the Circuit Court dismissed with prejudice the charges in Wade's first indictment. Wade's contention that the State could not charge him with other crimes based on the same incident misapprehends the reach of the IAD. As the Eleventh Circuit has explained,

> The Act does not create consequences beyond those accompanying the dismissal with prejudice of the particular indictment that was subject to the Act's time constraints. In other words, the Act does not prevent subsequent indictments that would not be barred by the protections against double jeopardy.

*United States v. Boone*, 959 F.2d 1150, 1554 (11th Cir. 1992).

Wade has not cited, and the court is unaware of, any Supreme Court caselaw contrary to the ACCA's decision. Because the IAD does not prohibit a second indictment that does not otherwise violate double jeopardy, Wade is not entitled to relief on this claim.

## B.   Double Jeopardy

Wade next argues that the second indictment violated the constitutional prohibition against double jeopardy. Under the Double Jeopardy Clause, "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause bars a second prosecution for the same offense after acquittal or conviction, and "protects against multiple punishments for the same offense." *See Brown v. Ohio*, 432 U.S. 161, 165 (1977).

The ACCA held that because the two indictments involved distinct offenses, Wade's double jeopardy rights weren't violated. (Doc. 10-17, p. 11). In reaching this result, the ACCA reasoned that "double-jeopardy principles are not violated when multiple convictions involving multiple victims are obtained from one criminal transaction." (Doc. 10-17, p. 10) (quoting *Burnett v. State*, 155 So. 3d 304, 307 (Ala. Crim. App. 2013)).

The ACCA's decision was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Nor was it an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). The Double Jeopardy Clause does not prohibit Alabama from construing its criminal statutes as allowing for multiple convictions and punishments where a single incident injures multiple victims. *See Miller v. Turner*, 658 F.2d 348, 350 (5th Cir. Oct. 5, 1981) (rejecting as frivolous habeas petitioner's double jeopardy claim based on convictions on two counts of murder committed during the same criminal episode); *Mosley v. Jones*, No. 17-13114, 2018 WL 6982924, at *3 (11th Cir. Nov. 15, 2018) (Julie Carnes, J., single judge order) (in multi-victim robbery, each robbery constituted separate offense). And as explained, it was reasonable for the ACCA to find that the two indictments involved different victims.

10

As Wade notes, the Double Jeopardy Clause incorporates the doctrines of claim and issue preclusion, which are most often associated with civil litigation. But claim preclusion didn't bar the second indictment because the two indictments charged Wade with different offenses. *See Bravo-Fernandez v. United States*, 580 U.S. 5, 9 (2016) (Claim preclusion bars a second prosecution for the same offense). And the issue preclusion component of the Double Jeopardy Clause "means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties." *Id.* at 8 (quotations omitted).

Here, the dismissal of the first indictment decided two issues: (1) Wade was returned to Florida before the charges in the first indictment were resolved, so (2) Wade can no longer be prosecuted for robbing Poole or Jones, or for stealing Gray's vehicle. Whether robberies occurred at Hudson Poole, whether Harlow and Pierson were robbery victims, and whether Wade was one of the robbers were all issues that were left unaddressed. So the State was not foreclosed from litigating these issues with the second indictment. *Cf. Ashe v. Swenson*, 397 U.S. 436, 446–47 (1970) (Double Jeopardy Clause barred state from trying defendant for robbing poker player when in earlier trial involving another victim, the jury found that the defendant was not one of the robbers at the poker match).

In sum, Wade isn't entitled to habeas relief on his claim that his prosecution under the second indictment violated the Double Jeopardy Clause.

## CONCLUSION

For these reasons, the court will **DENY** Wade's petition for writ of habeas corpus and **DISMISS** this case **WITH PREJUDICE**.

Rule 11(a) of the Rules Governing Section 2254 Cases requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were

adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Wade's claims satisfy neither standard, so the court will not grant Wade a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** and **Ordered** on March 24, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE